IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA
(Alexandria Division)

| | |
|---|---|
| **TEDDY MENDOZA**<br>5906 Cove Landing Rd., #203<br>Burke, VA.  22015<br><br>    Plaintiff,<br><br>    v.<br><br>**WASHINGTON METROPOLITAN AREA TRANSIT AUTHORITY**<br>600 5th Street, NW<br>Washington, DC 20001<br><br>    and<br><br>**ELIZABETH FITZPATRICK**<br>317 OSPREY CIR<br>SAINT MARYS, GA 31558 -4143<br><br>    and<br><br>**KEVIN FITZPATRICK**<br>317 OSPREY CIR<br>SAINT MARYS, GA 31558 -4143<br><br>    Defendants. | Case No. _____<br><br>**JURY TRIAL DEMANDED** |

## COMPLAINT

**TEDDY MENDOZA**, ("Mr. Mendoza") by and through counsel, Ashley E. Strandjord, and **CHASEN**BOSCOLO INJURY LAWYERS, moves for judgment against the Defendants WASHINGTON METROPOLITAN AREA TRANSIT AUTHORITY ("WMATA") for the negligent operation of a train on June 3, 2019, and ELIZABETH FITZPATRICK, and KEVIN FITZPATRICK, (collectively "the Fitzpatrick Defendants") jointly and severally, for the negligent operation of a motor vehicle and negligence *per se* on August 21, 2019 and in support thereof states as follows:

## PARTIES

1. Mr. Mendoza is a 42 year old male resident of the Commonwealth of Virginia.

2. According to information and belief, the Washington Metropolitan Area Transit Authority ("WMATA")is an entity created according to an interstate compact between the Commonwealth of Virginia, the State of Maryland, and the District of Columbia. The compact has the approval of the United States Congress.

3. According to information and belief, Elizabeth Fitzpatrick is a resident of the state of Georgia.

4. According to information and belief, Kevin Fitzpatrick is a resident of the state of Georgia.

## JURISDICTION AND VENUE

5. This Court has jurisdiction over WMATA under Va. Code § 33.2-3100. *See also* 49 U.S.C. § 5303(f)(2); *Smith v. Washington Metro. Area Transit Auth.*, 290 F.3d 201, 205 (4th Cir. 2002).

6. Jurisdiction is proper against the Fitzpatrick Defendants under 28 U.S.C. § 1332.

7. Deciding the claims brought against WMATA is necessary to the disposition of the claims against the Fitzpatrick Defendants. *See Osborn v. Bank of the United States*, 22 U.S. 738, 822 – 828 (1824).

8. This kind of claim with inseparable injuries that occurred close in time would normally be expected to be brought in one proceeding. *See id*.

9. Venue is proper under 28 U.S.C. § 1391 in the Eastern District of Virginia because a substantial part of the events or omissions giving rise to Mr. Mendoza's claim occurred in Virginia.

## **STATEMENT OF FACTS**

### **JUNE 3, 2019 INCIDENT**

10. On or about June 3, 2019, at approximately 11:44 a.m. (referred to in this section as "that time"), Mr. Mendoza was a contractor working to load boxes of money collected from WMATA stations onto a WMATA train at Metro Center Station located in the District of Columbia.

11. At that time, the WMATA train was operated by agents of the Defendant WMATA.

12. At that time, agents of WMATA had disabled the alarm that signaled whether the train doors were open or closed.

13. At that time, as Mr. Mendoza was boarding the train, the operator of the train chose to leave the platform without confirming that all contractors were safely onboard and that the doors were shut.

14. At that time, Mr. Mendoza suffered injuries when the sudden acceleration of the train forced his body against the open door in the WMATA train.

15. At that time, Mr. Mendoza and others notified the train operator through the intercom that the doors were open and not all contractors had fully boarded the train.

16. At that time, the train operator failed to keep a proper lookout for persons entering the train.

17. At that time, the train operator failed to pay full attention to the surroundings.

18. It was the train operator's duty to observe all rail safety rules in effect.

19. It was the train operator's duty to see persons in or near the doors who were there to be seen.

20. It was the train operator's duty to avoid distractions while operating the train.

21. It was the train operator's duty to watch for persons entering the train.

22. It was the train operator's duty to react to changing circumstances regarding the operation of the train.

23. It was the train operator's duty to keep her vehicle under control as to not injure any

passengers or other persons onboard or nearby.

24. It was the train operator's duty to operate the train at a safe speed for the conditions at hand.

25. The train operator breached these duties by failing to observe all rail safety rules in effect.

26. The train operator breached these duties by failing to see persons in or near the doors who were there to be seen.

27. The train operator breached these duties by failing to avoid distractions while operating the train.

28. The train operator breached these duties by failing to watch for persons entering the train.

29. The train operator breached these duties by failing to react to changing circumstances regarding the operation of the train.

30. The train operator breached these duties by failing to keep her vehicle under control as to not injure any passengers or other persons onboard or nearby.

31. The train operator breached these duties by failing to operate the train at a safe speed for the conditions at hand.

32. As a direct and proximate result of Defendant WMATA's agent's negligence, Mr. Mendoza suffered severe, permanent, and uncompensated damages. These damages include past, present, and future pain, suffering, immobility and disfigurement. These damages caused and continue to cause Mr. Mendoza to expend great sums of money for hospitals, physicians, and related care and treatment Mr. Mendoza suffered and continues to suffer from mental and emotional damages, including isolation, loss of mobility, anger, humiliation, fright, and anguish. Further, Mr. Mendoza lost and continues to lose wages and business opportunities, as well as earning capacity.

33. Mr. Mendoza neither contributed to any violations of the rail safety rules which caused this collision, nor assumed the risk of the injuries sustained.

## AUGUST 21, 2019 CRASH

34. On August 21, 2019, at approximately 3:52 p.m. (referred to in this section as "that time"), Mr. Mendoza was driving a motor vehicle stopped at a red light on Coffer Woods Road at or near its intersection with Burke Lake Rd in Fairfax County, Virginia.

35. At that time, Defendant Elizabeth Fitzpatrick was driving a motor vehicle owned by Defendant Kevin Fitzpatrick travelling southbound on Burke Lake Rd in Fairfax County, Virginia.

36. At that time, Defendant Elizabeth Fitzpatrick had Defendant Kevin Fitzpatrick's permission and consent and/or instruction to operate the motor vehicle she was driving.

37. At that time, Mr. Mendoza's light turned green and he drove his motor vehicle into the intersection attempting to make a left turn onto Burke Lake Road travelling northbound.

38. At that time, Defendant Elizabeth Fitzpatrick ignored a red light, not paying full time and attention to driving her vehicle, and operated her vehicle at an unsafe speed for conditions at hand, causing her vehicle to strike Mr. Mendoza's vehicle.

39. It was Defendant Elizabeth Fitzpatrick's duty to observe all traffic safety rules in effect.

40. It was Defendant Elizabeth Fitzpatrick's duty to see other vehicles or pedestrians on or near the roadway who were there to be seen.

41. It was Defendant Elizabeth Fitzpatrick's duty to avoid distractions while driving.

42. It was Defendant Elizabeth Fitzpatrick's duty to watch the road.

43. It was Defendant Elizabeth Fitzpatrick's duty to react to changing traffic patterns.

44. It was Defendant Elizabeth Fitzpatrick's duty to keep her vehicle under control as to not hit any vehicles or pedestrians on or near the roadway.

45. It was Defendant Elizabeth Fitzpatrick's duty to drive her vehicle at a speed for the conditions at hand.

46. It was Defendant Elizabeth Fitzpatrick's duty to maintain a safe following distance from vehicles in front of her.

47. Defendant Elizabeth Fitzpatrick breached these duties by choosing not to observe all traffic safety laws in effect.

48. Defendant Elizabeth Fitzpatrick breached these duties by choosing to not see other vehicles or pedestrians on or near the roadway who were there to be seen.

49. Defendant Elizabeth Fitzpatrick breached these duties by choosing to be distracted while driving.

50. Defendant Elizabeth Fitzpatrick breached these duties by choosing not to watch the road.

51. Defendant Elizabeth Fitzpatrick breached these duties by choosing not to react to changing traffic patterns.

52. Defendant Elizabeth Fitzpatrick breached these duties by choosing not to keep her vehicle under control so as to not hit any vehicles or pedestrians on or near the roadway.

53. Defendant Elizabeth Fitzpatrick breached these duties by choosing not to drive her vehicle at a safe speed under the conditions at hand.

54. Defendant Elizabeth Fitzpatrick breached these duties by choosing to not maintain a safe following distance between her and any vehicles in front of her.

55. At the time Defendant Kevin Fitzpatrick allowed Defendant Elizabeth Fitzpatrick to operate a motor vehicle he owned, Defendant Kevin Fitzpatrick had a duty to only allow his vehicle to be operated by a driver who would not needlessly endanger the public.

56. At the time Defendant Kevin Fitzpatrick allowed Defendant Elizabeth Fitzpatrick to operate a motor vehicle he owned, Defendant Kevin Fitzpatrick had a duty to only allow his vehicle to be operated by a safe, qualified driver.

57. At the time Defendant Kevin Fitzpatrick allowed Defendant Elizabeth Fitzpatrick to operate a motor vehicle he owned, Defendant Kevin Fitzpatrick had a duty to only allow his vehicle to be operated by a competent driver.

58. At the time Defendant Kevin Fitzpatrick allowed Defendant Elizabeth Fitzpatrick to operate a motor vehicle he owned, Defendant Kevin Fitzpatrick had a duty to only allow his vehicle to be operated by a driver who would not drive recklessly.

59. Defendant Kevin Fitzpatrick breached these duties when he allowed Defendant Elizabeth Fitzpatrick to operate his motor vehicle despite knowing that she would needlessly endanger the public in the operation of a motor vehicle

60. Defendant Kevin Fitzpatrick breached these duties when he allowed Defendant Elizabeth Fitzpatrick to operate his motor vehicle despite knowing she was not a safe, qualified driver.

61. Defendant Kevin Fitzpatrick breached these duties when she allowed Defendant Elizabeth Fitzpatrick to operate his motor vehicle despite knowing he was not a competent driver.

62. Defendant Kevin Fitzpatrick breached these duties when he allowed Defendant Elizabeth Fitzpatrick to operate his motor vehicle despite knowing she would drive her vehicle recklessly.

63. As a direct and proximate result of Defendant Elizabeth Fitzpatrick's negligence and Defendant Kevin Fitzpatrick's negligent entrustment, Mr. Mendoza suffered severe, permanent, and uncompensated damages. These damages include past, present, and future pain, suffering, immobility and disfigurement. These damages caused and continue to cause Mr. Mendoza to expend great sums of money for hospitals, physicians, and related care and treatment Mr. Mendoza suffered and continues to suffer from mental and emotional damages, including isolation, loss of mobility, anger, humiliation, fright, and anguish. Further, Mr. Mendoza lost and continues to lose wages and business opportunities, as well as earning capacity.

64. Mr. Mendoza neither contributed to any violations of the traffic safety rules which caused this collision, nor assumed the risk of the injuries sustained.

**STATEMENT OF CLAIMS**

### COUNT I – NEGLIGENCE (AGENCY) AGAINST WMATA

65. Mr. Mendoza incorporates the allegations of paragraphs one through sixty four (64) above and, in addition, avers that Defendant WMATA is liable for the conduct of its agent or agents in this matter that constitutes negligence justifying an allowance of monetary damages against Defendant WMATA.

### COUNT II – NEGLIGENCE AGAINST ELIZABETH FIZTPATRICK

66. Mr. Mendoza incorporates the allegations of paragraphs one through sixty five (65) above and, in addition, avers that Defendant Elizabeth Fitzpatrick's conduct in this matter constitutes negligence justifying an allowance of monetary damages against Defendant Elizabeth Fitzpatrick.

### COUNT III – NEGLIGENCE PER SE AGAINST ELIZABETH FIZTPATRICK

67. Mr. Mendoza incorporates the allegations of paragraphs one (1) through sixty six (66) above and in addition, avers that Defendant Elizabeth Fitzpatrick's failure to not pay full time and attention while driving in direct violation of Virginia Code § 46.2-852, failure to obey traffic signals in direct violation of Virginia Code § 46.2-830, and failure to control speed in direct violation of Virginia Code § 46.2-861 constitutes negligence per se, justifying an allowance of money damages against Defendant Elizabeth Fitzpatrick.

### COUNT IV – NEGLIGENCE (AGENCY LIABILITY) AGAINST KEVIN FIZTPATRICK

68. Mr. Mendoza incorporates the allegations of paragraphs one (1) through sixty seven (67) above and in addition, avers that Defendant Kevin Fitzpatrick is vicariously liable for the negligence of Defendant Elizabeth Fitzpatrick, justifying an allowance of money damages against Defendant Kevin Fitzpatrick.

### COUNT V – NEGLIGENT ENTRUSTMENT AGAINST KEVIN FIZTPATRICK

69. Mr. Mendoza incorporates the allegations of paragraphs one (1) through sixty eight (68) above and in addition, avers that Defendant Kevin Fitzpatrick's failure to ensure that his vehicle was only entrusted to a safe driver constitutes negligent entrustment, justifying an allowance of money damages against Defendant Kevin Fitzpatrick.

## PRAYER FOR RELIEF

**WHEREFORE**, **TEDDY MENDOZA** demands judgment against Defendant **WMATA** for the sum of ONE MILLION DOLLARS ($1,000,000) for compensatory damages, plus costs, pre-judgment and post-judgment interest, and for such other and further relief as the nature of this case may require, and judgment against **ELIZABETH FITZPATRICK** and Defendant **KEVIN FITZPATRICK** jointly and severally for the sum of ONE MILLION DOLLARS ($1,000,000.00) for compensatory damages, plus costs, pre-judgment and post-judgment interest, and for such other and further relief as the nature of this case may require.

## JURY DEMAND

Teddy Mendoza demands a trial by jury on all issues presented.

Respectfully submitted,

**CHASEN**BOSCOLO INJURY LAWYERS

By:   /s/Ashley E. Strandjord
      Ashley E. Strandjord (VSB: 89605)
      7852 Walker Drive, Suite 300
      Greenbelt, Maryland  20770
      (301) 220-0050
      Fax (301) 474-1230
      astrandjord@chasenboscolo.com
      *Counsel for Teddy Mendoza*